# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| **JOHNNY M. AUTRY, JR.** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | **Civil Action No. 08-0605 (RCL)** |
| **v.** ) | **(ECF)** |
| ) | |
| **UNITED STATES OF AMERICA,** <u>et</u> <u>al.</u> ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

_____

## <u>DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE TRANSFER</u>

The United States of America and Federal Bureau of Prisons ("BOP") (collectively "Defendants"), by and through undersigned counsel, hereby respectfully file this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (b)(3) and (b)(6)or, in the alternative, Transfer to the District of Arizona pursuant to 28 U.S.C. §§1404 and 1406. Johnny Mac Autry ("Plaintiff"), Register Number 21652-056, brings this <u>pro</u> <u>se</u> action seeking compensatory and punitive damages under the Federal Tort Claims Act. Defendants respectfully refer the Court to the accompanying Memorandum of Points and Authorities and attachments thereto, and to the entire record in this case.

Pro se Plaintiff will take note that if he fails to respond to this motion to dismiss, the Court may grant this motion and dismiss his case because of his failure to respond. <u>See</u> <u>Fox v.</u> <u>Strickland</u>, 837 F.2d 507 (D.C. Cir. 1988).

Attached hereto are Defendants' Memorandum of Law in Support of Motion to Dismiss or, in the Alternative, Transfer and a proposed Order consistent with the relief sought herein.

August 8, 2008                         Respectfully submitted,

                                       _/s/_____
                                       JEFFREY A. TAYLOR, D.C. BAR # 498610
                                       United States Attorney


                                        _/s/_____
                                       RUDOLPH CONTRERAS, D.C. BAR # 434122
                                       Assistant United States Attorney


                                        _/s/_____
                                       KENNETH ADEBONOJO
                                       Assistant United States Attorney
                                       Judiciary Center Building
                                       555 4th Street, N.W. – Civil Division
                                       Washington, D.C.  20530
                                       (202) 514-7157
                                       (202) 514-8780 (facsimile)

2

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**JOHNNY M. AUTRY, JR.**             )
                                    )
         **Plaintiff**               )
                                    )
                                    )      **Civil Action No. 08-0605 (RCL)**
         **v.**                      )      **(ECF)**
                                    )
**UNITED STATES OF AMERICA, <u>et</u> <u>al.</u>**  )
                                    )
         **Defendants.**             )
_____)

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OR IN THE ALTERNATIVE TRANSFER

The United States of America and Federal Bureau of Prisons ("BOP") (collectively "Defendants"), hereby submit this memorandum in support of their Motion to Dismiss or in the Alternative Transfer, pursuant to Fed. R. Civ. P. 12(b)(1), (b)(3), (b)(6) and 28 U.S.C. §§1404, 1406 respectively.  Johnny Mac Autry ("Plaintiff"), Register Number 21652-056, brings this <u>pro se</u> action seeking compensatory and punitive damages under the Federal Tort Claims Act ("FTCA") arising from an alleged loss of his personal property that allegedly occurred while Plaintiff was confined to administrative segregation.

Plaintiff's complaint should be dismissed because his claim is barred by sovereign immunity and this Court lacks subject matter jurisdiction over this matter accordingly.  In addition, Plaintiff's complaint should be dismissed because venue is not proper in this District and, it is subject to dismissal wherever it is venued.  Alternatively, the Court may transfer this action to the District of Arizona.

# I.     BACKGROUND

Plaintiff brings this "[FTCA] action authorized by 42 [U.S.C. §] 1983 of rights secured by the United States Constitution, under color of law, to redess [sic] deprivation."[1]  Plaintiff's Complaint ("Pl's Compl.), ¶1.  Plaintiff alleges that on or about March 29, 2007, as he was placed in the Special Housing Unit ("SHU"), his "personal property was [] packed, secured and inventoried by the Unit Correctional Officer and sent to SHU." Id. at ¶6.  He further alleges that "[o]n April 3, 2007, [he] was able to inventory his property"...and "a BP-383 inmate property inventory form was signed by Plaintiff and the property officer" indicating that Plaintiff's property will be "stored in SHU's property room storage until the inmate is released." Id. at 7.  He signed a BP-383 to that effect and all his property was accounted for in four bins. Id. at 8, 9.

According to Plaintiff, on or about July 6, 2007, "the new SHU property officer allowed Plaintiff to reinventory his property" at which time it was discovered that only "two of the four bins" could be located. Id. at ¶¶10-13.  Plaintiff further alleges that "[a]fter viewing the two bins, [he] told [the officer] that this was not all [the] property stored."  The new SHU officer allegedly "compared the property in the two bins to the form BP-383 form [and] "agreed [that] property was indeed missing and advised [Plaintiff] to file a Tort Claim" pursuant to 28 C.F.R. §

---

[1]     On August 10, 2006, Plaintiff was sentenced in the United States District Court for the Eastern District of North Carolina to 138 months term of imprisonment followed by five years supervised release for possession of firearms by a convicted felon in violation of 18 U.S.C. §922(g)(1). Ex. A, SENTRY Public Information Inmate Data.  Plaintiff was incarcerated at the Federal Correctional Institution II at Butner, North Carolina ("FCI Butner II") from October 18, 2006 until August 3, 2007. Ex. B, Inmate History.  Plaintiff has since been transferred to the United States Penitentiary Tucson (USP Tucson), Arizona, where he is currently incarcerated. Id.

543.31(c).[2]  Id. at ¶14.  Plaintiff alleges that the loss "is caused by negligence, omission, and

wrongful act of the [BOP] employees acting in the scope of their detail...."  Id. at ¶20.  He further

alleges that the loss "constituted deliberate indifference, excessive [and wanton] punishment,

denial of access to property...cruel and unusual punishment, due process violations, freedom of

speech, religion...under the First, Fourth, Eighth and Fourteenth Amendments...."  Id. at ¶25.

Plaintiff seeks declaratory relief, compensatory and punitive damages in the amount of

$3,000.00 and $2,000.00 respectively, and in excess of $3,100.56 for missing property.  Id. ¶¶

28-31.  He also seeks a jury trial, costs and other relief the court sees fit to grant.  Id. ¶¶ 32-35.

## II.  STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim upon which relief can be granted

pursuant to Rule 12(b)(6), the Court will dismiss a claim if Plaintiff's complaint fails to plead

"enough facts to state a claim for relief that is plausible on its face."  Bell Atlantic Corp. v.

Twombly, 127 S. Ct. 1955, 1974 (2007) (clarifying the standard from Conley v. Gibson, 355

U.S. 41, 47 (1957)); see also In re Sealed Case, 494 F.3d 139, 145 (D.C. Cir. 2007) (citing

Twombly).  Hence, the focus is on the language in the complaint, and whether that language sets

forth sufficient factual allegations to support plaintiff's claims for relief.

---

[2]       A review of the administrative tort claim records indicates that on or about July
17, 2007, Plaintiff filed an administrative tort claim with the Bureau of Prisons, Mid-Atlantic
Regional Counsel's Office, alleging loss of personal property due to the actions of the staff at
FCI II.  See Ex. C, Administrative Tort Claim Number TRT-MXR-2007-05133, July 17, 2007.
In a memorandum dated January 24, 2008, the Mid-Atlantic Regional Counsel for the Federal
Bureau of Prisons denied Plaintiff's administrative tort claim.  See Ex. D, Memorandum from
Mid-Atlantic Regional Counsel to Plaintiff, dated Jan. 24, 2008.  The memorandum from the
Regional Counsel advised plaintiff that if he was dissatisfied with the decision (to deny
plaintiff's administrative tort claim), he could bring an action against the United States in an
appropriate United States District Court within six months of the date of the memorandum
pursuant to 28 U.S.C. § 2401(b); 28 C.F.R. § 543.32(g).  See id.

The court must construe the factual allegations in the complaint in the light most favorable to Plaintiff and must grant Plaintiff the benefit of all inferences that can be derived from the facts as they are alleged in the complaint. <u>Barr v. Clinton</u>, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (citing <u>Kowal v. MCI Comm. Corp.</u>, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). However, the Court need not accept any inferences or conclusory allegations that are unsupported by the facts pled in the complaint. <u>Kowal</u>, 16 F.3d at 1276. Moreover, the Court need not "accept legal conclusions cast in the form of factual allegations." <u>Id.</u>

## III.  LEGAL ARGUMENT

### A.  BOP is not a Proper Defendant in an FTCA Suit

Plaintiff names the Federal Bureau of Prisons (BOP) as a defendant. However, the FTCA is a limited waiver of sovereign immunity and Congress has provided only for suits against the United States. <u>See</u> 28 U.S.C. § 1346(b)(1); <u>Scanwell Lab., Inc. v. Thomas</u>, 521 F.2d 941, 947 (D.C. Cir. 1975); <u>Richardson v. United States Dept. of Interior</u>, 740 F. Supp. 15, 20 n.10, 26 (D.D.C. 1990). Agencies cannot be sued under the FTCA. <u>See</u> 28 U.S.C. § 2679(a), (b)(1). Therefore, the Court should dismiss plaintiff's FTCA claims against the BOP under Rule 12(b)(1) for lack of jurisdiction.

### B.  This Court Lacks Subject Matter Jurisdiction because 28 U.S.C. §2680 Bars Plaintiff's FTCA Claim

Under the FTCA, Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees. 28 U.S.C. § 1346(b)(1).[3] Specifically, the

---

[3]    Although Plaintiff pleads this action essentially as a FTCA claim, to the extent that the Court is inclined to entertain what appears to be an attempt to raise constitutional claims, those claims against the United States and the BOP would be similarly barred by sovereign immunity. <u>FDIC v. Meyer</u>, 510 U.S. 471, 475 (1994). A 1983 claim will be similarly barred.

FTCA authorizes "claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." Id. However, the FTCA exempts from this "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." 28 U.S.C. §2680(c).

The question in the instant matter: whether 28 U.S.C. §2680(c) applies when BOP officers lose an inmate's personal property was conclusively addressed recently by the Supreme Court. See Ali v. Fed. Bureau of Prisons, 128 S. Ct. 831, 835 (2008). In Ali, the Supreme Court held that 28 U.S.C. §2680(c)'s exception to the FTCA's waiver of sovereign immunity was inherent in the plain meaning of the relevant portion of the FTCA and additionally that recent amendments to the FTCA reinforced that interpretation. 128 S. Ct. at 835-837. Notably, to the extent an argument can be made that the statutory language only references "detention," the amendment added "loss" of property to the waiver exemption.[4] Id. at 837. The section forecloses lawsuits against the United States for the lawful detention of property by any not just some law enforcement officers including BOP officers. Id. at 840 [emphasis in original].[5]

---

Williams v. U.S.A., 396 F.3d 412 (D.C. Cir. 2005).

[4]    The waiver exemption also applies to "any claim based on injury or loss of goods, merchandise, or other property, while in the possession of any officer of customs or excise or any other law enforcement officer."

[5]    The Supreme Court did note, however, that Congress did provide an administrative remedy for lost property claims like the petitioner's. 31 U.S.C. §3723(a)(1).

The Supreme Court's ruling in <u>Ali</u> has been applied in facts identical to the instant matter to bar inmate FTCA claims.  For example, in <u>Parrott v. US</u>, 2008 U.S. App. Lexis 16116, the Seventh Circuit, in holding that an FTCA claim arising out of alleged BOP negligent handling of an inmate's property was barred, noted that "it would be hard to find a ruling from the Supreme Court more directly on point."  <u>Id.</u> at *14.  In rejecting the inmate's argument that the erroneous mailing of his property to his sister did not constitute a detention, the Seventh Circuit further noted that 28 U.S.C. §2680(c) barred claims for "the complete destruction of property."  <u>Id.</u> at 17. <u>See</u> <u>also</u> <u>Gordon v. U.S.</u>, 2008 U.S. App. Lexis 10850 (3d Cir. 2008) (claim for loss, destruction and return of personal property to other inmates barred); <u>Aguilar v. U.S.</u>, 268 Fed. Appx. 88 (2d Cir. 2008)(noting that 28 U.S.C. §2680(c) would deprive the Court of subject matter jurisdiction to hear the inmate's claim for loss or destruction of personal property); <u>Easterling v. U.S.</u>, 2008 WL 906473, *2 (E.D. Ky. 2008) (citing <u>Ali</u>, the court dismissed an inmates complaint that prison staff allowed other inmates to take his property causing him damages of $3,575.55); <u>Carrie v. Rios</u>, 2008 WL 320329, *3 (E.D.Ky. 2008) (citing <u>Ali</u>, the court dismissed an inmates complaint that prison officials lost his property when he was transferred away from the facility for a limited time, to attend court in another district).

In the instant matter, Plaintiff is claiming damages for the mishandling and loss of his property while it was in the care of BOP officers.  Pl's Compl., ¶ 17.  Just as in <u>Ali</u>, where the inmates' belongings were lost upon his transfer to another facility, <u>Ali</u>, 28 S. Ct. at 834, Plaintiff claims his belongings were lost upon his transfer to the SHU.  Pl's Compl., ¶ 6-17.  However, in both cases, as well as in multiple others, the Courts have held that the government employees, and the government by association, cannot be held liable for the mishandling or loss of an

inmates belongings.  Ali, 128 S. Ct. at 135-37; See also Kosak v. U.S., 465 U.S. 848, 864 (1984).

Therefore, plaintiff's claim for mishandling and loss of his property should be dismissed for lack

of subject matter jurisdiction.

C.    **Venue Is Improper in the United States District Court for the District of Columbia**

Although, as set forth above, this case should be dismissed, the Court may alternatively

dismiss or transfer Plaintiff's FTCA claims pursuant to Fed. R. Civ. P. 12(b)(3) for improper

venue.  Under 28 U.S.C. § 1402(b), venue for any FTCA claim lies only in the judicial district

where the plaintiff resides or where the cause of action arose.  See 28 U.S.C. § 1402(b); Bryant v.

Carlson, 652 F. Supp. 1286, 1287 (D.D.C. 1987); Bartel v. F.A.A., 617 F. Supp. 190, 198

(D.D.C. 1985).  A federal inmate's residence for venue purposes is his current place of

confinement.  See In re Pope, 580 F.2d 620, 622 (D.C. Cir. 1978); Bryant, 652 F. Supp. at 1287.

A tort claim arises under the FTCA at the place where the negligent acts occurred.  See Beattie v.

United States, 592 F. Supp. 780, 784 (D.D.C. 1984).

Plaintiff is currently incarcerated at USP Tucson, Arizona, located within the jurisdiction

of the United States District Court for the District of Arizona.  See 28 U.S.C. § 82; Ex.  A.  He

nonetheless filed this action in this District, even though none of the factual allegations in the

complaint concern events that occurred within this district.  Pl's Compl., ¶ 3. Rather, plaintiff

only alleges events that occurred at FCI II Butner located in the Eastern District of North

Carolina.  See id.; 28 U.S.C. § 113.  Therefore, venue for Plaintiff's FTCA claim does not lie in

this District and should be dismissed or transferred pursuant to 28 U.S.C. § 1404(a) or 1406(a).

However, for reasons stated above, this case is subject to dismissal no matter where it is

transferred, therefore, transferring this case appears to be a futile exercise.

**D.    The Amount Sought in this Suit Cannot Exceed the Amount Claimed Administratively**

In an FTCA lawsuit, a plaintiff may not seek damages greater than the amount of damages claimed in the underlying administrative claim, unless the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or based on proof of intervening facts affecting the amount of the claim. See 28 U.S.C. § 2675(b); Hoehn v. United States, 217 F. Supp.2d 39, 50 (D.D.C. 2002); Stokes v. United States Postal Service, 937 F. Supp. 11, 16-17 (D.D.C. 1996). The burden is on the plaintiff to establish that these special circumstances exist. See Stokes, 937 F. Supp. at 17. In this case, Plaintiff claimed $3,100.56 in his administrative claim regarding his lost or missing property. See Ex. C. However, in this lawsuit, plaintiff is seeking $5,100.56 in compensatory and punitive damages.[6] Pl's Compl. ¶¶ 29-31. Plaintiff has not asserted any newly discovered evidence not reasonably discoverable at the time he filed his administrative claim and he has alleged no intervening facts sufficient to allow him to amend his claim. Therefore, even if Plaintiff could recover in this action, his damages would be limited to no more than $3,1000.56, the amount sought in his administrative claim.

**E.    The Plaintiff's Request for a Jury Trial is Inappropriate in an FTCA Action and Must be Denied**

Any action against the United States under 28 U.S.C. §1346 shall be tried by the court without a jury. Thus, to the extent that the Plaintiff is attempting to assert a cause of action

---

[6]    Punitive damages are unavailable under the FTCA. 28 U.S.C. §2674; Tri-State Hosp. Supply Corp. v. United States, 341 F.3d 571, 577 (D.C. Cir. 2003).

pursuant to the FTCA, he is not entitled to a jury trial.  Therefore, the Plaintiff's request for a jury trial must be denied.

August 8, 2008                                    Respectfully submitted,

                                                 _/s/_____
                                                 JEFFREY A. TAYLOR, D.C. BAR # 498610
                                                 United States Attorney


                                                  _/s/_____
                                                 RUDOLPH CONTRERAS, D.C. BAR # 434122
                                                 Assistant United States Attorney


                                                  _/s/_____
                                                 KENNETH ADEBONOJO
                                                 Assistant United States Attorney
                                                 Judiciary Center Building
                                                 555 4th Street, N.W. – Civil Division
                                                 Washington, D.C.  20530
                                                 (202) 514-7157
                                                 (202) 514-8780 (facsimile)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JOHNNY M. AUTRY, JR.** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | **Civil Action No. 08-0605 (RCL)** |
| **v.** ) | **(ECF)** |
| ) | |
| **UNITED STATES OF AMERICA, <u>et al.</u>** ) | |
| ) | |
| **Defendants.** ) | |

## <u>ORDER</u>

UPON CONSIDERATION of the Defendants' Motion To Dismiss Plaintiff's Complaint,

support thereof, the grounds stated therefore and the entire record in this matter, it is by the Court

this _____ day of _____, 2008, it is hereby

ORDERED that the said motion be and hereby is granted, and

FURTHER ORDERED that this case is dismissed with prejudice.

This is a final and appealable order.

_____
HON. ROYCE C. LAMBERTH, U.S.D.J.

Copies to:

Kenneth Adebonojo
Assistant United States Attorney
555 4th Street, N.W
Washington, D.C. 20530

Johnny M. Autry, Jr.
R# 21652-056
Tucson USP
POB 24550
Tucson, AZ 85734

## CERTIFICATE OF SERVICE

I certify that I caused a copy of the foregoing Defendants' Motion to Dismiss or in the Alternative Transfer to be served by first class mail upon

*pro se* plaintiff at:

Johnny M. Autry, Jr.
R# 21652-056
Tucson USP
POB 24550
Tucson, AZ 85734

on this 8th day of August, 2008.         _/s/_____
                                        KENNETH ADEBONOJO
                                        Assistant United States Attorney

# ATTACHMENT A

```
BOPOL                        PUBLIC INFORMATION              *    06-24-2008
PAGE 001          *              INMATE DATA                 *    13:07:04
                             AS OF 06-24-2008


REGNO..: 21652-056 NAME: AUTRY JR, JOHNNY MAC
COMP NO: 010       ALL CURR COMPS(Y/N): Y    ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: TCP / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 520-663-5000    FAX: 520-663-5024
                                            RACE/SEX...: WHITE / MALE
                                            AGE: 31
PROJ REL MT: GOOD CONDUCT TIME RELEASE      PAR ELIG DT: N/A
PROJ REL DT: 06-29-2014                     PAR HEAR DT:
------------------------- ADMIT/RELEASE HISTORY -----------------------------
FCL      ASSIGNMENT DESCRIPTION               START DATE/TIME STOP  DATE/TIME
TCP      A-DES      DESIGNATED, AT ASSIGNED FACIL 06-06-2008 1423 CURRENT
TCP      ESCORT TRP ESC TRIP OTHER THAN LOCAL HOSP 06-06-2008 0956 06-06-2008 1423
TCP      A-DES      DESIGNATED, AT ASSIGNED FACIL 08-27-2007 1632 06-06-2008 0956
A03      RELEASE    RELEASED FROM IN-TRANSIT FACL 08-27-2007 1932 08-27-2007 1932
A03      A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 08-27-2007 1310 08-27-2007 1932
OKL      HLD REMOVE HOLDOVER REMOVED            08-27-2007 1210 08-27-2007 1210
OKL      A-BOP HLD  HOLDOVER FOR INST TO INST TRF 08-03-2007 1920 08-27-2007 1210
9-H      RELEASE    RELEASED FROM IN-TRANSIT FACL 08-03-2007 2020 08-03-2007 2020


G0002        MORE PAGES TO FOLLOW . . .
```

Case 1:08-cv-00605-RCL   Document 14-2   Filed 08/08/2008   Page 3 of 8

REGNO..: 21652-056 NAME: AUTRY JR, JOHNNY MAC
COMP NO: 010            ALL CURR COMPS(Y/N): Y    ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS            RESP OF: TCP / DESIGNATED, AT ASSIGNED FACIL
                       PHONE..: 520-663-5000    FAX: 520-663-5024

| | | | | | | |
|---|---|---|---|---|---|---|
| 9-H | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 08-03-2007 | 1258 | 08-03-2007 | 2020 |
| BTF | TRANSFER | TRANSFER | 08-03-2007 | 1258 | 08-03-2007 | 1258 |
| BTF | A-DES | DESIGNATED, AT ASSIGNED FACIL | 07-25-2007 | 1016 | 08-03-2007 | 1258 |
| A01 | RELEASE | RELEASED FROM IN-TRANSIT FACL | 07-25-2007 | 1016 | 07-25-2007 | 1016 |
| A01 | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 07-25-2007 | 0805 | 07-25-2007 | 1016 |
| BTF | TRANSFER | TRANSFER | 07-25-2007 | 0805 | 07-25-2007 | 0805 |
| BTF | A-DES | DESIGNATED, AT ASSIGNED FACIL | 07-24-2007 | 2038 | 07-25-2007 | 0805 |
| 9-H | RELEASE | RELEASED FROM IN-TRANSIT FACL | 07-24-2007 | 2038 | 07-24-2007 | 2038 |
| 9-H | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 07-24-2007 | 0730 | 07-24-2007 | 2038 |
| BTF | TRANSFER | TRANSFER | 07-24-2007 | 0730 | 07-24-2007 | 0730 |
| BTF | A-DES | DESIGNATED, AT ASSIGNED FACIL | 07-23-2007 | 1546 | 07-24-2007 | 0730 |
| 9-H | RELEASE | RELEASED FROM IN-TRANSIT FACL | 07-23-2007 | 1546 | 07-23-2007 | 1546 |
| 9-H | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 07-23-2007 | 0924 | 07-23-2007 | 1546 |

G0002        MORE PAGES TO FOLLOW . . .

```
BOPOL                        PUBLIC INFORMATION                           06-24-2008
PAGE 003              *          INMATE DATA              *                13:07:04
                                AS OF 06-24-2008
```

```
REGNO..: 21652-056 NAME: AUTRY JR, JOHNNY MAC
COMP NO: 010          ALL CURR COMPS(Y/N): Y    ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS          RESP OF: TCP / DESIGNATED, AT ASSIGNED FACIL
                      PHONE..: 520-663-5000    FAX: 520-663-5024
PRE-RELEASE PREPARATION DATE: 12-29-2013
```

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  06-29-2014 VIA GCT REL

--------------------------CURRENT JUDGMENT/WARRANT NO: 010 ----------------------

```
COURT OF JURISDICTION...........: NORTH CAROLINA, EASTERN DISTRICT
DOCKET NUMBER...................: 7:04CR00126-001
JUDGE...........................: FOX
DATE SENTENCED/PROBATION IMPOSED: 08-10-2006
DATE COMMITTED..................: 10-18-2006
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO
```

G0002        MORE PAGES TO FOLLOW . . .

```
 BOPOL                  *        PUBLIC INFORMATION              *        06-24-2008
PAGE 004                *          INMATE DATA                   *        13:07:04
                                  AS OF 06-24-2008


REGNO..: 21652-056 NAME: AUTRY JR, JOHNNY MAC
COMP NO: 010         ALL CURR COMPS(Y/N): Y    ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS         RESP OF: TCP / DESIGNATED, AT ASSIGNED FACIL
                     PHONE..: 520-663-5000   FAX: 520-663-5024


                    FELONY ASSESS  MISDMNR ASSESS  FINES          COSTS
NON-COMMITTED.:     $100.00        $00.00          $00.00         $00.00


RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO       AMOUNT:  $00.00


------------------------CURRENT OBLIGATION NO: 010 -------------------------
OFFENSE CODE....:  136
OFF/CHG: T.18:922(G)(1) POSSESSION OF FIREARMS BY A CONVICTED
         FELON - 18:924 (CT.1)


  SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:   138 MONTHS


G0002        MORE PAGES TO FOLLOW . . .
```

REGNO..: 21652-056 NAME: AUTRY JR, JOHNNY MAC
COMP NO: 010          ALL CURR COMPS(Y/N): Y    ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS          RESP OF: TCP / DESIGNATED, AT ASSIGNED FACIL
                      PHONE..: 520-663-5000   FAX: 520-663-5024
 TERM OF SUPERVISION............:     5 YEARS
 CLASS OF OFFENSE...............: CLASS A FELONY
 DATE OF OFFENSE................: 03-23-2004

-----------------------CURRENT COMPUTATION NO: 010 -----------------------

COMPUTATION 010 WAS LAST UPDATED ON 10-19-2006 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 10-19-2006 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 08-10-2006
TOTAL TERM IN EFFECT............:    138 MONTHS

G0002        MORE PAGES TO FOLLOW . . .

BOPOL                          PUBLIC INFORMATION                    06-24-2008
PAGE 006              *            INMATE DATA            *          13:07:04
                               AS OF 06-24-2008


REGNO..: 21652-056 NAME: AUTRY JR, JOHNNY MAC
COMP NO: 010        ALL CURR COMPS(Y/N): Y    ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS        RESP OF: TCP / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 520-663-5000    FAX: 520-663-5024
TOTAL TERM IN EFFECT CONVERTED..:    11 YEARS        6 MONTHS
EARLIEST DATE OF OFFENSE........: 03-23-2004


JAIL CREDIT.....................:    FROM DATE        THRU DATE
                                     06-21-2004       08-09-2006


TOTAL PRIOR CREDIT TIME.........: 780
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 541
TOTAL GCT EARNED................: 216
STATUTORY RELEASE DATE PROJECTED: 06-29-2014
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 12-22-2015


G0002        MORE PAGES TO FOLLOW . . .

Case 1:08-cv-00605-RCL   Document 14-2   Filed 08/08/2008   Page 8 of 8

REGNO..: 21652-056 NAME: AUTRY JR, JOHNNY MAC
COMP NO: 010       ALL CURR COMPS(Y/N): Y    ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: TCP / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 520-663-5000    FAX: 520-663-5024


PROJECTED SATISFACTION DATE.....: 06-29-2014
PROJECTED SATISFACTION METHOD...: GCT REL


S0055       NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE

ATTACHMENT B

```
 BOPOL   531.01 *                INMATE HISTORY              *  06-24-2008
PAGE 001              *              ADM-REL                 *   13:03:55


REG NO..: 21652-056 NAME....: AUTRY JR, JOHNNY MAC
CATEGORY: ARS          FUNCTION: DIS          FORMAT:

FCL      ASSIGNMENT DESCRIPTION                  START DATE/TIME STOP  DATE/TIME
TCP      A-DES      DESIGNATED, AT ASSIGNED FACIL 06-06-2008 1423 CURRENT
TCP      ESCORT TRP ESC TRIP OTHER THAN LOCAL HOSP 06-06-2008 0956 06-06-2008 1423
TCP      A-DES      DESIGNATED, AT ASSIGNED FACIL 08-27-2007 1632 06-06-2008 0956
A03      RELEASE    RELEASED FROM IN-TRANSIT FACL 08-27-2007 1932 08-27-2007 1932
A03      A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 08-27-2007 1310 08-27-2007 1932
OKL      HLD REMOVE HOLDOVER REMOVED               08-27-2007 1210 08-27-2007 1210
OKL      A-BOP HLD  HOLDOVER FOR INST TO INST TRF 08-03-2007 1920 08-27-2007 1210
9-H      RELEASE    RELEASED FROM IN-TRANSIT FACL 08-03-2007 2020 08-03-2007 2020
9-H      A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 08-03-2007 1258 08-03-2007 2020
BTF      TRANSFER   TRANSFER                      08-03-2007 1258 08-03-2007 1258
BTF      A-DES      DESIGNATED, AT ASSIGNED FACIL 07-25-2007 1016 08-03-2007 1258
A01      RELEASE    RELEASED FROM IN-TRANSIT FACL 07-25-2007 1016 07-25-2007 1016
A01      A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 07-25-2007 0805 07-25-2007 1016
BTF      TRANSFER   TRANSFER                      07-25-2007 0805 07-25-2007 0805


G0002        MORE PAGES TO FOLLOW . . .
```

Case 1:08-cv-00605-RCL   Document 14-3   Filed 08/08/2008   Page 3 of 5

REG NO..: 21652-056  NAME....: AUTRY JR, JOHNNY MAC
CATEGORY: ARS          FUNCTION: DIS          FORMAT:

| FCL | ASSIGNMENT | DESCRIPTION | START DATE/TIME | STOP DATE/TIME |
|-----|-----------|-------------|-----------------|----------------|
| BTF | A-DES | DESIGNATED, AT ASSIGNED FACIL | 07-24-2007 2038 | 07-25-2007 0805 |
| 9-H | RELEASE | RELEASED FROM IN-TRANSIT FACL | 07-24-2007 2038 | 07-24-2007 2038 |
| 9-H | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 07-24-2007 0730 | 07-24-2007 2038 |
| BTF | TRANSFER | TRANSFER | 07-24-2007 0730 | 07-24-2007 0730 |
| BTF | A-DES | DESIGNATED, AT ASSIGNED FACIL | 07-23-2007 1546 | 07-24-2007 0730 |
| 9-H | RELEASE | RELEASED FROM IN-TRANSIT FACL | 07-23-2007 1546 | 07-23-2007 1546 |
| 9-H | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 07-23-2007 0924 | 07-23-2007 1546 |
| BTF | TRANSFER | TRANSFER | 07-23-2007 0924 | 07-23-2007 0924 |
| BTF | A-DES | DESIGNATED, AT ASSIGNED FACIL | 06-12-2007 0913 | 07-23-2007 0924 |
| 9-H | RELEASE | RELEASED FROM IN-TRANSIT FACL | 06-12-2007 0913 | 06-12-2007 0913 |
| 9-H | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 06-08-2007 1015 | 06-12-2007 0913 |
| BTF | STATE WRIT | RELEASE ON STATE WRIT | 06-08-2007 1015 | 06-12-2007 0913 |
| BTF | A-DES | DESIGNATED, AT ASSIGNED FACIL | 06-07-2007 1510 | 06-08-2007 1015 |
| S24 | RELEASE | RELEASED FROM IN-TRANSIT FACL | 06-07-2007 1510 | 06-07-2007 1510 |

G0002          MORE PAGES TO FOLLOW . . .

Case 1:08-cv-00605-RCL    Document 14-3    Filed 08/08/2008    Page 4 of 5

REG NO..: 21652-056  NAME....: AUTRY JR, JOHNNY MAC
CATEGORY: ARS          FUNCTION: DIS          FORMAT:

| FCL | ASSIGNMENT | DESCRIPTION | START DATE/TIME | STOP DATE/TIME |
|-----|-----------|-------------|-----------------|----------------|
| S24 | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 06-07-2007 1415 | 06-07-2007 1510 |
| BUH | HLD REMOVE | HOLDOVER REMOVED | 06-07-2007 1415 | 06-07-2007 1415 |
| BUH | A-BOP HLD | HOLDOVER FOR INST TO INST TRF | 06-07-2007 1005 | 06-07-2007 1415 |
| S24 | RELEASE | RELEASED FROM IN-TRANSIT FACL | 06-07-2007 1005 | 06-07-2007 1005 |
| S24 | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 06-07-2007 0930 | 06-07-2007 1005 |
| BTF | TEMP REM | TEMPORARY REMOVAL | 06-07-2007 0930 | 06-07-2007 1510 |
| BTF | A-DES | DESIGNATED, AT ASSIGNED FACIL | 10-18-2006 1343 | 06-07-2007 0930 |
| 2-D | RELEASE | RELEASED FROM IN-TRANSIT FACL | 10-18-2006 1343 | 10-18-2006 1343 |
| 2-D | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 09-21-2006 1058 | 10-18-2006 1343 |
| CRL | ADMIN REL | ADMINISTRATIVE RELEASE | 09-21-2006 1058 | 09-21-2006 1058 |
| CRL | A-ADMIN | ADMINISTRATIVE ADMISSION | 09-21-2006 1050 | 09-21-2006 1058 |
| P06 | RELEASE 09 | RELEASED FROM IN-TRANSIT, SEP | 09-21-2006 1050 | 09-21-2006 1050 |
| P06 | A-ADMIT 03 | ADMITTED TO IN-TRANSIT, MAR | 03-30-2006 0530 | 09-21-2006 1050 |
| I-T | RELEASE | RELEASED FROM IN-TRANSIT FACL | 03-30-2006 0530 | 03-30-2006 0530 |

G0002        MORE PAGES TO FOLLOW . . .

Case 1:08-cv-00605-RCL   Document 14-3   Filed 08/08/2008   Page 5 of 5

REG NO..: 21652-056 NAME....: AUTRY JR, JOHNNY MAC
CATEGORY: ARS        FUNCTION: DIS          FORMAT:

| FCL | ASSIGNMENT | DESCRIPTION | START DATE/TIME | STOP DATE/TIME |
|-----|-----------|-------------|-----------------|----------------|
| I-T | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 11-30-2005 0530 | 03-30-2006 0530 |
| B09 | RELEASE | RELEASED FROM IN-TRANSIT FACL | 11-30-2005 0530 | 11-30-2005 0530 |
| B09 | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 11-28-2005 0420 | 11-30-2005 0530 |
| PEM | HLD REMOVE | HOLDOVER REMOVED | 11-28-2005 0420 | 11-28-2005 0420 |
| PEM | A-DES | DESIGNATED, AT ASSIGNED FACIL | 09-14-2005 1433 | 11-28-2005 0420 |
| 2-D | RELEASE | RELEASED FROM IN-TRANSIT FACL | 09-14-2005 1433 | 09-14-2005 1433 |
| 2-D | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 07-11-2005 1446 | 09-14-2005 1433 |
| CRL | ADMIN REL | ADMINISTRATIVE RELEASE | 07-11-2005 1446 | 07-11-2005 1446 |
| CRL | A-ADMIN | ADMINISTRATIVE ADMISSION | 07-11-2005 1437 | 07-11-2005 1446 |

G0005          TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

# ATTACHMENT C

# CLAIM FOR DAMAGE, INJURY, OR DEATH

**INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED
OMB NO.
1105-0008

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| | Johnny Mac Porter Jr #21652-056 FCT-II Med. P.O. Box 1500 Butner, NC 27509 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☐ CIVILIAN | 7-17-76 | | July Friday March 29 07 6.09 | Unknown |

**8. Basis of Claim** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof.) (Use additional pages if necessary.)

I was placed on SHU on March 29,07, received property on April 3,07, at this time I signed and was given a copy of property form by officer Harden on July 6.07 property officer J. Salinas asked me to go through my property, at this time it was found only parts of my property could be found. Officer Salinas asked to see my copy of property form after going through property matching it to copy to see my copy of property form after going through property matching it to copy to property was listed all items missing. SHU LT. Gregory was notified, at this time he and officer Salinas made another search of property, storage room again no other property could be found see property officer copy of property sheet (See Copies attached)

## PROPERTY DAMAGE

**9. NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT** (Number, street, city, State, and Zip Code)

Johnny Mac Porter Jr (same as above)

**BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED.** (See instructions on reverse side.)

Property was placed in SHU Storage room for all property belonging to housed inmates, no where extent of property is shown.

(Clothes, Shoes, Legal Status, Bowl, Hygiene Items, Personal Items)

## 10. PERSONAL INJURY/WRONGFUL DEATH

**STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.**

## 11. WITNESSES

| NAME | ADDRESS (Number, street, city, State and Zip Code) |
|---|---|
| J. Salinas (Property officer) | FCT-II Med. P.O. Box 1500 Butner, NC 27509 |
| LT. Gregory (SHU LT.) | |

## 12. (See instructions on reverse) AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| Lost | | | $3,100.56 |

**I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.**

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| Johnny Mac Porter Jr | | 7-17-07 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109
Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

2007-0013 5

ATTACHMENT D



**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons
Mid - Atlantic Region

Butner Legal Center
P.O. Box 1600
Butner, North Carolina 27509

January 24, 2008

Johnny Autry
Register No. 21652-056
USP Tuscon
P.O. Box 24550
Tuscon, AZ 85734

Re:     Tort Claim Number TRT-MXR-2007-05133

Dear Mr. Autry:

The above-referenced administrative claim filed under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, has been considered for settlement. You claim government liability in the amount of $3,100.56 for the alleged loss of property during your incarceration at FCI Butner II.

The investigation into your claim shows that your property was inventoried upon your being admitted to the SHU on March 29, 2007. The BP-383 you provided seems to indicate that your property was allegedly stored in bins 70, 71, 72, and 73, and that bins 72 and 73 were missing. However, the SHU Property Officer did not write these numbers, nor did he circle the numbers 72 or 73 and write that they were missing. Your property was placed in bins 70 and 71 in the property storage room. At the time you were placed in the SHU, bin number 73 was already being used to store another inmate's property, and yours would not have been placed in that bin also. In addition, bin number 72 was used to store yet another inmate's property several days after you arrived in the SHU. Bin 72 would not have been used for the other inmate's property had your property already been stored in it. There is no additional indication on your BP-383 that any of your property was missing when you were released from the SHU. Moreover, the Federal Tort Claims Act only provides compensation for loss of property resulting from the negligence, omission, or wrongful act of Bureau of Prisons employees acting within the scope of their employment. Here, there is no evidence that any act or omission of staff contributed to any alleged loss that you may have suffered. Accordingly, this claim is denied.

If you are dissatisfied with this determination, you may file suit in an appropriate United States District Court not later than six (6) months after the date of mailing of this notification.

Sincerely,

*Christina Thompson for*

Michelle T. Fuscyamore
Regional Counsel

7006 0100 0002 6508 5219