UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHNNY M. AUTRY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-0605 (RCL) |
| ) | |
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

FILED
SEP - 3 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM OPINION

This matter is before the Court on defendants' motion to dismiss or, in the alternative, to transfer this action to the United States District Court for the District of Arizona. Although plaintiff opposes defendants' motion to dismiss, he "agree[s] to have this civil action transferred to the appropriate United States District Court, for whatever district the courts see fit for this civil action case to be heard in." Pl.'s Opp'n [Dkt. #17] at 1.

An FTCA action "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b).[1] "Under the prevailing interpretation of section 1402(b), venue is proper in the District of Columbia if sufficient activities giving rise to plaintiff's cause of action took place here." *Franz v. United States*, 591 F. Supp. 374, 378 (D.D.C. 1984). Plaintiff apparently does not reside in the District of Columbia and is not incarcerated here currently. Review of plaintiff's complaint and exhibits

---

[1] Only the United States is a proper defendant to a claim under the FTCA. 28 U.S.C. §§ 1346(b)(1), 2679(a); *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 29 (D.D.C. 1990). Plaintiff is proceeding *pro se*, and the Court construes his complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). His intention to bring the FTCA claim against the United States is apparent, and a pleading defect of this nature may be remedied by amending the complaint.

shows that no event giving rise to his claims occurred in the District of Columbia. At this juncture the Court either may dismiss this action or, in the interest of justice, transfer the action "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Assuming without deciding that plaintiff states a viable FTCA claim, in the interest of justice, the Court will transfer this action to the United States District Court for the Southern District of Illinois, the district in which plaintiff currently is incarcerated.[2] *See, e.g., Simpson v. Fed. Bureau of Prisons*, 496 F. Supp. 2d 187, 193-94 (D.D.C. 2007) (concluding that venue in this district improper under 28 U.S.C. § 1402(b) and transferring FTCA and civil rights claims under 28 U.S.C. § 1406(a) where no significant event occurred in this district); *Hahn v. United States*, 457 F. Supp. 2d 27, 29 (D.D.C. 2006) (transferring FTCA action to district where cause of action arose).

An Order consistent with this Memorandum Opinion is issued separately.

/s/ Royce C. Lamberth
ROYCE C. LAMBERTH
United States District Judge

DATE: 9/3/08

---

[2] Plaintiff currently is incarcerated at the Federal Correctional Institution in Greenville, Illinois.